1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9            **DISTRICT OF NEVADA**
10

| | | |
|---|---|---|
11
ANDREW SMITH,                    )
12
                   Plaintiff(s),    )        Case No. 2:13-cv-02223-JCM-NJK
13
vs.                              )        ORDER
14
WOLF PERFORMANCE AMMUNITION, et al.,   )   (Docket No. 57)
15
                   Defendant(s).    )

16        Pending before the Court is Third-Party Plaintiff Sporting Supplies International's (SSI)

17  motion for substitute service on Third-Party Defendant Tula Cartridge Works.  Docket No. 57.  The

18  Court has reviewed SSI's motion, Defendant Tulammo, USA, Inc.'s opposition, and SSI's reply.

19  Docket Nos. 57, 58, 59.  The Court finds that this motion is properly resolved without oral argument.

20  *See* Local Rule 78-2.

21  **I.      BACKGROUND**

22        This matter arises out of an incident that allegedly occurred on April 7, 2012.  Docket No.

23  1-2, at 7.  Plaintiff alleges that he was injured when the firearm and ammunition he was using

24  exploded in his face.  *Id.*  On October 29, 2013, Plaintiff filed the instant action in the District Court

25  for Clark County, Nevada.  *Id.*, at 11.  Thereafter, SSI  removed the case to this Court on December

26  5, 2013.  Docket No. 1.  SSI filed its Answer to Plaintiff's Complaint on December 11, 2013.

27  Docket No. 7.

28  . . .

1    On August 8, 2014, the Court granted SSI's motion for leave to file a Third-Party Complaint

2    against Tula Cartridge Works and Tulammo USA, Inc. (Tulammo).  Docket No. 35.  SSI claims that

3    Tula Cartridge Works and Tulammo may be liable to it for contribution and indemnification.  The

4    Third-Party Complaint was filed on August 12, 2014.  Docket No. 36.  On September 2, 2014, the

5    Clerk of the Court issued the summonses for the Third-Party Complaint.  Docket No. 42.

6    On December 2, 2014, SSI filed the pending motion for substitute service of the Third-Party

7    Complaint upon Tula Cartridge Works, a Russian company that has its principal place of business

8    in Tula, Russia.  Docket No. 57, at 3.  SSI represents that traditional methods of foreign service are

9    impossible in this case because, since 2003, the Russian Federation has unilaterally suspended all

10   judicial cooperation with the United States in civil and commercial matters.  *Id.*, at 4 (citing

11   *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010)).  Thus, SSI

12   seeks leave to serve the Third-Party Complaint, translated into Russian, and summons on Tula

13   Cartridge Works by: (1) international express mail to Tula Cartridge Works in Russia; (2) electronic

14   mail using the e-mail addresses listed on Tula Cartridge Works' website; and (3) serving counsel of

15   record for Third-Party Defendant Tulammo, as "the domestic U.S. affiliate/agent of Tula Cartridge

16   Works."  *Id.*, at 2.

17   On December 19, 2014, Tulammo filed an opposition to SSI's motion for substitute service.

18   Docket No. 58.  First, Tulammo argues that SSI failed to demonstrate that traditional methods of

19   service would be impossible.  *Id.*, at 5.  Second, Tulammo argues that service upon it would be

20   improper because "Tulammo is categorically not . . . the exclusive distributor of small arms

21   ammunition manufactured by [Tula Cartridge Works]" and no shareholders of Tula Cartridge Works

22   own shares of Tulammo  *Id.*, at 5.

23   In reply, SSI contends that the option of non-traditional methods of service does not depend

24   on whether traditional methods are also available.  Docket No. 59, at 3.  SSI also argues that the

25   actual corporate relationship between Tula Cartridge Works and Tulammo is immaterial because

26   Tulammo admits to "an on-going business relationship" with Tula Cartridge Works.  *Id.*, at 6.

27   . . .

28   . . .

## II.    SUBSTITUTE SERVICE

Rule 4(f)[1] governs how to effect service upon an individual in a foreign country.  Rule 4(f) provides:

> Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) unless prohibited by the foreign country's law, by:
> >
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Pursuant to Rule 4(h), Rule 4(f) also applies to foreign corporations, partnerships, and unincorporated associations.  *See* Fed.R.Civ.Pro. 4(h)(2).

The Court has discretion in determining whether to allow alternative means of service of process under Rule 4(f)(3).  *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  In *Rio*, the Ninth Circuit held that the plain language of Rule 4(f)(3) requires only that service be directed by the court and that it not contravene an international agreement.  *Id.* at 1014.  Service under Rule 4(f)(3) must also "comport with constitutional notions of due process," meaning it must be "reasonably calculated, under the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*, at

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

1016-17 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  The Ninth Circuit explicitly observed that service under Rule 4(f)(3) is not a "last resort" or "extraordinary relief," and instead, is one way among several to serve process on an international defendant.  *Id.,* at 1014 ("[W]e commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)").

Here, the Court finds that service by international express mail and e-mail is appropriate to serve the Third-Party Complaint and summons on Tula Cartridge Works.  *See UnitedHealth Group, Inc. v. United HealthCare, Inc.*, 2014 U.S. Dist. LEXIS 99447 (D. Nev. July 21, 2014) (authorizing Plaintiff to serve Vietnam Defendants by regular mail and e-mail).   The motion asserts that Tula Cartridge Works is a Russian company with its principal place of business in Russia.  SSI alleges that it attempted service by mailing the requisite copies and waivers of service to Tula Cartridge Works and that a signed waiver was never returned.  Docket No. 59, at 3.  Tulammo does not dispute these facts.  *See* Docket No. 58.

Tulammo does not claim that service by international express mail and e-mail violate international law.  *See id.*  Moreover, contrary to Tulammo's assertion, SSI does not need to show that conventional service would be impracticable.  There is no requirement to show that "service through the Hague [Convention] is insufficient" before the Court may order substitute service pursuant to Rule 4(f)(3).  *Id.*, at 5.  Further, the Bureau of Consular Affairs' circular on international judicial assistance published by the U.S. State Department states:

> In July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters. The Russian Federation refuses to serve letters of request from the United States for service of process presented under the terms of the 1965 Hague Service Convention or to execute letters rogatory requesting service of process transmitted via diplomatic channels.

http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/russia-federation.html (last updated on November 15, 2013)*; see also Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1237 (Fed. Cir. 2010) (*Calista Enterprises Ltd. v. Tenza Trading Ltd.*, 2014 WL 4214876, at *5 (D. Or. Aug. 26, 2014).

. . .

1    Under these circumstances, the Court will permit SSI to effectuate service of process

2    pursuant to Rule 4(f)(3) by serving the required service papers and a copy of this order, translated

3    into the Russian language, on Third-Party Defendant Tula Cartridge Works via both (a) email, at all

4    e-mail addresses listed on Tula Cartridge Works' website and (b) first class, U.S. Mail International,

5    postage pre-paid, at all known addresses for Tula Cartridge Works.  The Court is satisfied that the

6    methods of service to be utilized satisfy due process requirements, that is, they are reasonably

7    calculated, under all the circumstances, to apprise Defendant Tula Cartridge Works of the action and

8    afford it an opportunity to respond.  *Mullane*, 339 U.S. at 314 (1950).

9    **III.    EXTENSION OF TIME FOR SERVICE**

10   SSI also requests additional time to complete service.  Docket No. 57, at 2.  Pursuant to Rule

11   4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must

12   dismiss the action without prejudice against that defendant or order that service be made within a

13   specified time. But if the plaintiff shows good cause for the failure, the court must extend the time

14   for service for an appropriate period." Fed.R.Civ.Pro. 4(m).

15   Here, service was supposed to be completed by December 10, 2014.[2]  *See* Docket No. 36.

16   SSI has shown that it is actively trying to pursue this litigation and, although it needs more time, has

17   made attempts to serve Tula Cartridge Works by sending it a waiver of service.  *See* Docket No. 59,

18   at 3.  Therefore, good cause exists to extend the service deadline.

19   **IV.  CONCLUSION**

20   Based upon the foregoing,

21   **IT IS ORDERED**:

22   1.    Third-Party Plaintiff Sporting Supplies International's motion for substitute

23         service on Third-Party Defendant Tula Cartridge Works (Docket No. 57) is

24         **GRANTED** in part and **DENIED** in part.

25   2.    Within seven (7) days of the date of service of this order, Sporting Supplies

26         International shall effectuate service pursuant to Rule 4(f)(3) by having the

27

28   _____
     [2] SSI filed the pending motion on December 2, 2014.  Docket No. 57.

required service papers and a copy of this Order, translated into the Russian
language, on Third-Party Defendant Tula Cartridge Works via BOTH:

    a.  E-mail addresses listed on Tula Cartridge Works' website, and

    B.  First class, U.S. Mail International, postage pre-paid, at all known

    addresses for Defendant Tula Cartridge Works.

3.    Service will be deemed complete within 14 days after the papers to be served by
first class, U.S. Mail International are deposited in the mail.

4.    Sporting Supplies International shall have until March 6, 2015, to serve the Third-
Party Complaint and summons on Tula Cartridge Works.

DATED: January 23, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge